UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LISA LONGO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:25-CV-669-ZMB |
| | ) |
| CCM PARTNERS, LP, | ) |
| *d/b/a Shelton Capital Management*, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

Before the Court is Plaintiff Lisa Longo's motion to remand this case for lack of subject-matter jurisdiction under 28 U.S.C. § 1332. Doc. 10. Citing to her post-removal affidavit, Longo claims remand is necessary because the amount in controversy falls short of the jurisdictional threshold. *Id.* But Longo fails to account for the statutory attorney's fees she seeks in her complaint. Because those fees and the potential damages together exceed the jurisdictional threshold, the Court must deny Longo's motion.

## BACKGROUND

Longo originally filed this case in state court and alleged three claims under the Missouri Human Rights Act ("MHRA"): (1) age discrimination; (2) sex discrimination; and (3) retaliation. Doc. 6. On May 9, 2025, CCM Partners timely removed the case to this Court, *see* Doc. 1; 28 U.S.C. § 1446(b)(1), asserting that the Court has subject-matter jurisdiction under 28 U.S.C. § 1332, Doc. 1 ¶¶ 8–18. CCM Partners also moved to compel arbitration. Doc. 8.

Longo then filed her Motion to Remand the Case to State Court, Doc. 10, arguing that section 1332(a)'s amount-of-controversy requirement is not met here because CCM Partners cannot prove the jurisdictional threshold, Doc. 11 at 3. She relies primarily on her post-removal affidavit,

which avers that she "do[es] not seek, and will not ask for or accept, an amount in damages herein in excess of $75,000, exclusive of interest and costs." Doc. 11-1 at 2. CCM Partners countered that its Notice of Removal established that the amount in controversy exceeds $75,000, emphasizing that Longo's stipulation ignores the fact that she seeks attorney's fees in addition to back pay, front pay, and prejudgment interest. Doc. 16. Longo's silence regarding attorney's fees and back pay continued, as she failed to file a reply. The Court now takes up Longo's Motion to Remand.

## LEGAL STANDARD

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441. After removal, a plaintiff may move to remand on jurisdictional grounds, and this relief must be granted if it appears that the court lacks subject-matter jurisdiction. 28 U.S.C. § 1447(c). "All doubts about federal jurisdiction should be resolved in favor of remand to state court." *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 620 (8th Cir. 2010) (citation omitted).

Under section 1332, the Court has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). The amount in controversy includes not only actual damages but also punitive damages and statutory attorney fees. *Peterson v. Travelers Indem. Co.*, 867 F.3d 992, 995 (8th Cir. 2017).

Generally, a defendant's notice of removal needs to include only a plausible amount-in-controversy allegation to establish federal jurisdiction. *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014). But if a plaintiff challenges that allegation, the defendant bears the burden of establishing the jurisdictional amount by a preponderance of the evidence. *In re Prempro*, 591 F.3d at 620 (8th Cir. 2010) (citation omitted). At that point, "remand is only appropriate if the plaintiff can establish to a legal certainty that the claim is for less than the requisite amount." *Bell*

*v. Hershey Co.*, 557 F.3d 953, 956 (8th Cir. 2009) (citation omitted); *see also Peterson*, 867 F.3d at 995 ("The legal certainty standard is met where the legal impossibility of recovery is so certain as virtually to negative the [amount-in-controversy allegation]." (quotation and alterations omitted)).

## DISCUSSION

Longo moves to remand this case because the Court purportedly lacks subject-matter jurisdiction under section 1332. Doc. 10. Specifically, she argues that the amount in controversy does not exceed the jurisdictional threshold of $75,000. *Id.* But Long's failure to account for statutory attorney's fees is fatal to her argument.

In her state court petition, Longo advances three MHRA claims and seeks "damages in excess of $25,000, including both actual and punitive damages," as well as unspecified costs, attorney's fees, and declaratory or injunctive relief. Doc. 6; *see also* MO. REV. STAT. § 213.111.2 (allowing a court to award an MHRA plaintiff "actual and punitive damages[] and . . . reasonable attorney fees"). Although Longo's allegations regarding her MHRA claims state only that she seeks "damages in excess of $25,000," CCM Partners's Notice of Removal includes a good-faith allegation that the substance of Longo's claims, coupled with the damages and attorney's fees sought, exceeds the jurisdictional threshold. Doc. 1 ¶¶ 12–17.[1]

Once Longo challenged that assertion, Doc. 10, CCM Partners supplemented its allegation by pointing out that Longo is seeking, among other things, "damages for lost wages and benefits" for her demotion and ultimate termination and that "her annual salary was over six figures per year," Doc. 16 at 3–4. Moreover, based on a survey of recent cases, CCM Partners contended that attorney's fees ***alone*** would almost certainly exceed $75,000. *Id.* at 4. Both of these claims are uncontested because Longo did not file a reply.

---

[1] Section 1446 authorizes a defendant to "assert the amount in controversy if the initial pleading seeks . . . a money judgment, but the State practice . . . does not allow a plaintiff to demand a specific sum." 18 U.S.C. § 1446(c)(2)(a)(ii). Here, as Longo acknowledges, Missouri law prohibited her from demanding a specific amount, Doc. 11 at 3, which in turn permitted CCM Partners to assert the amount in controversy.

3

Instead, Longo attempts to rely on her affidavit to undercut CCM Partners's proof as to the amount in controversy. *See* Doc. 11 at 3; Doc. 11-1 ¶ 5. In some circumstances, a plaintiff's affidavit about the amount in controversy may suffice to prove to a legal certainty that the jurisdictional threshold is not met. For example, in *Bowen v. LM General Insurance Company*, this Court found remand necessary based on an affidavit in which the plaintiff "aver[ed] that she '[would] not seek, ask for, or accept any amount of damages, **including attorney fees**, if any, in excess of $75,000.00, exclusive of interest and costs." No. 4:19-CV-931-JMB, 2019 WL 2372665, at *2 (E.D. Mo. June 5, 2019). Critically, however, Longo's affidavit makes no mention of attorney's fees, which are statutorily available to her if she prevails. *See* Doc. 11-1; MO. REV. STAT. § 213.111.2; *see also Bowen*, 2019 WL 2372665, at *1 & n.4 (recognizing the importance of including attorney's fees where statutorily prescribed). Longo's silence after CCM Partners highlighted this deficiency speaks volumes. As a result, her Motion to Remand fails because she did not prove to a legal certainty that the amount in controversy is less than $75,000.[2]

## CONCLUSION

Accordingly, the Court **DENIES** Plaintiff Lisa Longo's [10] Motion to Remand. Consistent with the Court's previous order, *see* Doc. 17, Longo must file any response in opposition to CCM Partners's Motion to Compel Arbitration no later than October 15, 2025.

So ordered this 15th day of September 2025.

_____
ZACHARY M. BLUESTONE
UNITED STATES DISTRICT JUDGE

---

[2] To the extent Longo intends to submit a second motion to remand accompanied by an affidavit consistent with *Bowen*, she must do so no later than September 22, 2025. Otherwise, the Court does not anticipate entertaining a renewed request to stay the briefing schedule regarding the pending Motion to Compel Arbitration. *See* Doc. 8.