UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LISA LONGO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:25-CV-669-ZMB |
| ) | |
| CCM PARTNERS, LP, ) | |
| *d/b/a Shelton Capital Management*, ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM AND ORDER**

Before the Court is Plaintiff Lisa Longo's second motion to remand this case for lack of subject-matter jurisdiction under 28 U.S.C. § 1332(a). Doc. 21. The Court denied Longo's original request for remand because her "failure to account for statutory attorney's fees" meant she could not establish that the amount in controversy falls below the jurisdictional threshold. Doc. 20 at 3. In her new affidavit, however, Longo confirms that she is seeking no more than $75,000 even with attorney's fees. Doc. 22-1. Accordingly, the Court grants the motion to remand to state court, Doc. 21, and denies the pending motions for extension of time, Docs. 25, 27.

Following the denial of her first motion for remand,[1] Longo filed a renewed motion along with a revised affidavit. Docs. 21, 22-1. Unlike her previous attempt, Longo's new affidavit states that she "do[es] not seek, and will not ask for or accept, an amount of damages in excess of $75,000, ***inclusive of costs, interest, and/or attorneys' fees***." Doc. 22-1. Longo avers that the new language "is consistent with this Court's September 15, 2025 Order," Doc. 22 at 3, which quoted from the affidavit in *Bowen v. LM General Insurance Company* as an example, Doc. 20 at 4 n.2 (citing No. 4:19-CV-931-JMB, 2019 WL 2372665, at *2 (E.D. Mo. June 5, 2019)).

---

[1] The Court's prior order discusses the legal standard in detail, *see* Doc. 20 at 2–4, so it will not be repeated here.

CCM Partners again opposes remand and claims that the new affidavit is still insufficient. Specifically, it notes that the *Bowen* affidavit included a line in which the plaintiff confirmed that the affidavit "binds [her] attorneys," while Longo's new affidavit is "silent . . . on her intention to bind, not only herself, but her attorneys." Doc. 23 at 4 (emphasis omitted). CCM Partners suggests that, "if Plaintiff's counsel is able and/or intends to seek attorney's fees, there certainly remains over $75,000 in controversy." *Id.* However, CCM Partners cites no authority for the proposition that an attorney can seek attorney's fees independently from their client.

The Court finds CCM Partners's argument unpersuasive for three reasons. First, Missouri law indicates that any attorney's fees would be collected by Longo rather than by her attorneys. Unlike some Missouri statutes that authorize attorney's fees to "be paid directly to the attorney," *see, e.g.*, MO. REV. STAT. § 452.355.2, Longo's claims under the Missouri Human Rights Act allow for the award of "reasonable attorney fees **to the prevailing party**," *id.* § 213.111.2 (emphasis added). Second, CCM Partners points to no relevant precedent *requiring* a certification that binds a party's attorney. That the language in the *Bowen* affidavit was sufficient does not make every word necessary, and Longo did enough by including the operative language from this Court's order. *See* Doc. 20 at 4. Finally, given her representation regarding the amount in controversy after the Court raised the attorney-fee issue, *see* Doc. 21 ¶ 5, any future effort by Longo's counsel to recover beyond the $75,000 threshold would constitute a breach of her duty of candor to the Court. *See* FED. R. CIV. P. 11(b); MO. SUP. CT. R. 4-3.3(a). Consequently, the Court finds that the revised affidavit ensures that the amount in controversy does not exceed $75,000, thereby requiring a remand for lack of subject-matter jurisdiction. *See* 28 U.S.C. §§ 1332(a), 1447(c).

As a final housekeeping matter, the Court notes that there are two pending motions to extend time to file briefs related to the pending motion to compel arbitration. Docs. 25, 27. However, Longo has since filed her response brief, *see* Doc. 26, and her motion is therefore moot. And because this case is being remanded, CCM Partners can refile any motion it finds necessary once the case returns to state court, which is in a better position to manage its own docket with respect to briefing the motion to compel. As such, this Court will deny both motions at this time.

Accordingly, the Court **GRANTS** Longo's [21] second motion to remand, **DENIES** as moot Longo's [25] motion to extend time to file a response to the motion to compel arbitration, and **DENIES** without prejudice CCM Partners's [27] motion to extend time to file a reply to the motion to compel arbitration. The Court will issue a separate Order of Remand to accompany this order.

So ordered this 22nd day of October 2025.

ZACHARY M. BLUESTONE
UNITED STATES DISTRICT JUDGE